UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IVORY WILLIAMS | § § § | |
| *Plaintiff*, | § § § | |
| vs. | § § § | CIVIL ACTION NO. 4:24-CV-185 |
| JACINTOPORT INTERNATIONAL, LLC, | § § § § | |
| *Defendant*. | § | |

**PLAINTIFF'S OBJECTION TO DEFENDANT JACINTOPORT INTERNATIONAL, LLC'S MOTION FOR LEAVE TO DESIGNATE US 1 LOGISTICS AS A RESPONSIBLE THIRD PARTY**

COMES NOW Ivory Willians ("Plaintiff") and files this Objection to Defendant Jacintoport International, LLC's ("JPI") Motion for Leave to Designate US 1 Logistics as a Responsible Third Party. Plaintiff respectfully requests that the Court deny Defendant's motion for the following reasons:

- Defendant has not plead sufficient facts concerning US 1 Logistics' alleged responsibility to satisfy the pleading requirements of the Texas Rules of Civil Procedure; and

- Plaintiff timely filed his objections to these designations pursuant to Section 33.004(f) of the Texas Civil Practice and Remedies Code, and requests this Court sustain Plaintiff's objection and deny Defendant's Motion for Leave to Designate US 1 Logistics as a Responsible Third Party.

**BACKGROUND**

This case arises from a collision between a forklift and a commercial truck that occurred at JPI's facility in Houston, Texas, on September 11, 2023. *See* Ex. A, Pl.'s Original Petition

1

at ¶ 9–12. Plaintiff arrived at the facility to pick up a load and, after JPI's personnel performed the check-in process and granted him entry, proceeded to the loading area as instructed. *Id.* at ¶ 9. JPI's forklift driver then attempted to load a container on the back of the truck that Plaintiff was driving. *Id.* at ¶ 10. The forklift driver missed the back of the trailer and instead rammed the container into the cab where Plaintiff was waiting, nearly pushing the truck over sideways. *Id.* Then, the forklift driver suddenly backed up, causing the truck to violently flip back upright. *Id.* at ¶ 11. As a result of being rammed with the container and thrown about in the cab, Plaintiff sustained serious injuries to his back, neck, and other parts of his body. *Id.*

Plaintiff filed his Original Petition in the 165th District Court in Harris County State Court on December 14, 2023, bringing negligence, gross negligence, and premises liability claims against JSI. *See generally* Ex. A, Plaintiff's Original Petition. Thereafter, JSI removed this case to federal court, alleging diversity of citizenship. *See* Doc. 1.

## ARGUMENT

Pursuant to Texas Civil Practice and Remedies Code § 33.004(f), Plaintiff files this timely objection to JSI's motion seeking leave to designate US 1 Logistics, LLC ("US 1 Logistics") a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(f) (providing that the "court shall grant leave to designate the named person as a responsible party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served."). The Court should deny JSI's request because JSI has failed to plead sufficient facts concerning US 1 Logistics' alleged responsibility to satisfy the pleading requirements of the Texas Rules of Civil Procedure. TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1).

In order to be granted leave to designate a responsible third party, JSI must show that US 1 Logistics fits the definition established in the Texas Civil Practice and Remedies Code. A responsible third party is defined as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE § 33.011(6). Section 33.004 further requires a party seeking to designate a responsible third party to "plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1).

JSI has failed to meet the pleading requirement of the Texas Rules of Civil Procedure. In its motion, JSI fails to establish that US 1 Logistics can be linked in any way to the incident that caused Plaintiff's injuries. Instead, JSI makes a vague allegation based merely on the fact that US 1 Logistics was Plaintiff's employer at the time of the incident and that, as such, JSI "was responsible for supervising Plaintiff's work, ensuring he had adequate training, as well as enforcement of any safety policies in effect at the time of the subject incident." *See* JSI Mot. at ¶ 9. These allegations are completely devoid of any facts to support them and are not sufficient to designate US 1 Logistics as a responsible third party.

Here, Defendant's motion lacks sufficient facts and allegations concerning the alleged responsibility of the party they seek to designate. Merely conclusory allegations do not allow this Court to find US 1 Logistics breached any duties owed to Plaintiff. JSI is required to provide sufficient explanation as to what US 1 Logistics has done to cause or contribute to the accident in question. Further, this explanation must be based on facts supported by the

evidence. It is clear Defendant has made only conclusory allegations which are not supported by any evidence.

In short, there is no factual basis to place liability on US 1 Logistics and therefore no basis to designate US 1 Logistics as a responsible third party. Thus, JSI should not be granted leave to designate US 1 Logistics per its request. Plaintiff files this objection on or before the 15th day after being served with JSI's motion and in compliance with Section 33.004(f). Therefore, Plaintiff's objection is timely, and Defendant's motion should be denied.

## CONCLUSION

WHEREFORE, for all the reasons outlined above, Plaintiff respectfully request that the Court deny JSI's motion for leave to designate US 1 Logistics as a responsible third party in this suit.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ John G. Grinnan*   Dated: February 28, 2025
Kurt B. Arnold
Fed ID No. 36185
Texas Bar No. 24036150
karnold@arnolditkin.com
J. Kyle Findley
Attorney-in-Charge
Fed ID No. 1322711
Texas Bar No. 24076382
kfindley@arnolditkin.com
John G. Grinnan
Fed ID No. 2081424
Texas Bar No. 24087633
jgrinnan@arnolditkin.com
Brian M. Christensen
Fed ID No. 3812727

4

Texas Bar No. 24134326
bchristensen@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

*Counsel for Plaintiff Ivory Williams*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Civil Procedure on February 28, 2025.

      */s/ John G. Grinnan*
      John G. Grinnan